Robert R Parker, Jr
OSB #216437
111 SW Fifth Avenue
Suite 3150
Portland, Oregon 97204
robert@robertparkerlawoffices.com
503-444-3417

Ernest Warren
OSB # 891384
Warren & Sugarman
838 SE First Avenue, Suite 200
Portland, OR 97204
503-228-6655
e.warren@ernestwarrenlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KAREN CHIRRE, | |
| Plaintiff, | Civil Action No.3:24cv01334-AR |
| vs. | |
| CITY OF PORTLAND, PORTLAND POLICE BUREAU, CHARLES LOVELL III, in his individual and representative capacity, MICHAEL FROME, in his individual and representative capacity, JOSEPH SANTOS, in his individual and Representative capacity, JENNIFER representative capacity, SHAYE SAMORA, in her individual and representative capacity, JACOB JENSON in his individual and representative capacity, ROBERT QUICK, in his individual and representative capacity, CHRIS LINDSAY, in his individual and representative capacity and RENE BAER in her individual and representative capacity, JOHN and JANE DOE, 1-5, | PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS: |
| Defendants. | |

**COMES NOW Plaintiff, KAREN CHIRRE,** by and through her undersigned counsel, and shows this honorable Court as follows:

## Introduction

Defendant Joseph Santos moves to dismiss based on alleged lack of personal jurisdiction, insufficient and untimely service under Rule 4(m), and failure to prosecute. The record shows Plaintiff identified Santos in the pleadings and pursued service, ultimately completing substitute service and mailing by September 30, 2025. The Court should deny dismissal and, at minimum, exercise its discretion under Rule 4(m) to deem service sufficient or to extend time in light of Plaintiff's efforts, the absence of prejudice to Santos, and the strong federal interest in adjudicating civil rights claims on the merits as recognized by the Ninth Circuit in Lemoge v. United States and In re Sheehan. See discussion infra.

## Factual Background

- Plaintiff filed her original complaint in Multnomah County Circuit Court on July 11, 2024; the City removed to this Court on August 14, 2024. [1] [2]

---

[1]
 (1) Plaintiff filed her original Complaint and initiated this lawsuit in the Multnomah County Circuit Court on July 11, 2024 (ECF 1-1);, pg. 3, **City of Portland Motion to Dismiss7.pdf**

[2]
 (3) The City timely removed this case from the Multnomah County Circuit Court to this Court on August 14, 2024 (ECF 1; ECF 18, pg. 2);, pg. 3, **City of Portland Motion to Dismiss7.pdf**

- Plaintiff first named Santos in the First Amended Complaint filed September 10, 2024, and again in a Revised FAC on September 11, 2024. ³ ⁴

- Counsel conferred in August and September 2024 regarding service, and the City's counsel repeatedly stated they would only seek waivers from current City

---

³
    (4) Plaintiff added and identified Santos as a named defendant in this case for the first time when she filed her First Amended Complaint ("FAC") in this Court on September 10, 2024 (ECF 10, pg. 1 caption and 16; ECF 18, pgs. 2-3; Tu Dec. 14);, pg. 3, **City of Portland Motion to Dismiss7.pdf**

⁴
    (5) Plaintiff filed a First Amended Complaint Revised ("Revised FAC") the next day, on September 11, 2024 (ECF 11);, pg. 4, **City of Portland Motion to Dismiss7.pdf**

employees, specifically indicating Santos was not current City personnel, signaling that formal service on Santos would be required. [5] [6] [7] [8] [9]

---

[5]

(8) On August 16, 2024, the City's attorneys conferred with Plaintiff's attorneys about their plan to file a motion to dismiss in response to the Complaint, and during that conferral: (a) Plaintiff's attorneys said that they planned to file an amended complaint to, among other revisions, add individual employees from the City's Portland Police Bureau ("PPB") in place of the Doe defendants; and (b) the City's lead attorney agreed to reach out to employees currently employed by the City who Plaintiff names as defendants to find out if they would allow the City's attorneys to accept or waive service of the summons on their behalf (Tu Dec. 112-3; ECF 5, 16);, pg. 4, [City of Portland Motion to Dismiss7.pdf](City of Portland Motion to Dismiss7.pdf)

[6]

(9) On September 12, 2024, after receiving the service copy of Plaintiff's Revised FAC and seeing the names of the newly added individual defendants, the City's lead attorney emailed Plaintiff's attorneys, offering to "reach out to currently employed City employee defendants to see if they will [give her permission to] accept service of the Amended Complaint[,]" and informing them which of the individuals named as defendants were currently employed by the City, which did not include Santos (Tu Dec. 15, Ex. 1, pg. 2; emphasis added), thereby indicating to Plaintiff's attorneys that they would need to have Santos served with the Summons;, pg. 4, [City of Portland Motion to Dismiss7.pdf](City of Portland Motion to Dismiss7.pdf)

[7]

(10) About twenty-two minutes later, Plaintiff's lead attorney accepted that offer (Tu Dec. 15, Ex. 1, pg. 1); and the next day, on September 13, 2024, the City's lead attorney again told Plaintiff's attorneys that "we will reach out to the current PPB members" to ask for their permission to waive service (Tu Dec. 15, Ex. 1, pg. 1; emphasis added), thereby again indicating to Plaintiff's attorneys that they would need to have Santos served with the Summons;, pg. 4, [City of Portland Motion to Dismiss7.pdf](City of Portland Motion to Dismiss7.pdf)

[8]

(12) Later that same day, the City's lead attorney sent an email to Plaintiff's attorneys in which she stated, "I am in receipt of the requests for waiver of service[,]" and again informed him that "we are contacting the currently employed PPB members regarding their willingness to waive service" (Tu Dec. 16, Ex. 2, pg. 1), thereby again indicating to Plaintiff's attorneys that they would need to have Santos served with the Summons;, pg. 5, [City of Portland Motion to Dismiss7.pdf](City of Portland Motion to Dismiss7.pdf)

- The City's counsel transmitted executed waivers for several current PPB defendants on October 2, 2024; none was provided for Santos, consistent with prior notice that he was not a current employee. [10]

- On September 23, 2024, the City confirmed in writing that Santos was retired and thus not among those for whom they would seek waivers. [11] [12]

- The Court issued an Order to Show Cause on August 29, 2025, directing Plaintiff to file proofs of service on Frome and Santos or a statement by September 29, 2025. [13]

---

[9]

(13) On October 2, 2024, the City's lead attorney sent an email to Plaintiff's attorneys, to which she attached "the executed waivers of service for: Lovell, Lindsey, Quick, Jensen, Baer, Hertzler, and Samora[,]" but not one for Santos (Tu Dec. 18, Ex. 4, pg. 1), thereby again indicating to Plaintiff's attorneys that they would need to have Santos served with the Summons;3, pg. 5, **City of Portland Motion to Dismiss7.pdf**

[10]

(13) On October 2, 2024, the City's lead attorney sent an email to Plaintiff's attorneys, to which she attached "the executed waivers of service for: Lovell, Lindsey, Quick, Jensen, Baer, Hertzler, and Samora[,]" but not one for Santos (Tu Dec. 18, Ex. 4, pg. 1), thereby again indicating to Plaintiff's attorneys that they would need to have Santos served with the Summons;3, pg. 5, **City of Portland Motion to Dismiss7.pdf**

[11] Sheffield, Naomi Monday, September 23, 2024 3:20 PM Robert Parker; Tu, Trung Ernest Warren, pg. 1, **Trung2.pdf**

[12] We have begun reaching out to current City employees. I believe that we previously mentioned this, but I wanted to let you know again that Michael Frome and Joseph Santos are both retired and are no longer employed by the City, so we will not be reaching out to those individuals about waiver of service., pg. 1, **Trung2.pdf**

[13] the court by September 29, 2025, describing the status of service on defendants Frome and Santos and whether good cause exists to [not] dismiss them from this action for failing to timely serve them and the resulting lack of prosecution of this action against them" and warning Plaintiff that the Court "will dismiss this action without prejudice against the unserved defendants if" she "fail[s] to timely comply with this Order" (ECF 45, pgs. 2-3); and, pg. 6, **City of Portland Motion to Dismiss7.pdf**

Plaintiff's Memorandum in Opposition to Defendants Motion to Dismiss pg. 5

- Plaintiff's process server effected substitute service on Santos's wife at his home on September 29, 2025, with the required follow-up mailing on September 30, 2025, completing service. [14]

# Legal Argument

## I. Personal Jurisdiction Exists Because Service Has Been Effected; Any Technical Defect Is Curable and Does Not Warrant Dismissal

Santos argues lack of personal jurisdiction premised on insufficient service. The record establishes that Plaintiff completed substitute service on September 29, 2025, with mailing on September 30, 2025, thereby completing service. [15] The City's counsel did not represent Santos until October 3, 2025, and had previously affirmed they would not accept or waive service for him, confirming Plaintiff was required to proceed with formal

---

[14]

    (16) On October 7, 2025, Plaintiff filed an Affidavit of Service from her process server, stating that substitute service of the Summons, Complaint and Civil Case Assignment Order was made on Santos' wife at Santos' home address on September 29, 2025; the required follow-up mailing of those documents to Santos was sent on September 30, 2025 (ECF 52), so service of process on Santos in this case was finally completed on September 30, 2025; and it appears that Plaintiff has not otherwise responded to the Court's OSC., pg. 6, [City of Portland Motion to Dismiss7.pdf](City of Portland Motion to Dismiss7.pdf)

[15]

    (16) On October 7, 2025, Plaintiff filed an Affidavit of Service from her process server, stating that substitute service of the Summons, Complaint and Civil Case Assignment Order was made on Santos' wife at Santos' home address on September 29, 2025; the required follow-up mailing of those documents to Santos was sent on September 30, 2025 (ECF 52), so service of process on Santos in this case was finally completed on September 30, 2025; and it appears that Plaintiff has not otherwise responded to the Court's OSC., pg. 6, [City of Portland Motion to Dismiss7.pdf](City of Portland Motion to Dismiss7.pdf)

service, which she did. [16] [17] Any earlier lack of waiver does not defeat jurisdiction where service has now been completed, and dismissal is not required.

## II. The Court Should Deny Dismissal Under Rule 12(b)(5) and 4(m) and Exercise Its Discretion to Extend or Validate Service

- Rule 4(m) provides two avenues: mandatory extension upon a showing of good cause, and discretionary extension for excusable neglect even absent good cause. Santos's motion acknowledges the Ninth Circuit's framework: "The first is

---

[16]

(13) On October 2, 2024, the City's lead attorney sent an email to Plaintiff's attorneys, to which she attached "the executed waivers of service for: Lovell, Lindsey, Quick, Jensen, Baer, Hertzler, and Samora[,]" but not one for Santos (Tu Dec. 18, Ex. 4, pg. 1), thereby again indicating to Plaintiff's attorneys that they would need to have Santos served with the Summons;3, pg. 5, **City of Portland Motion to Dismiss7.pdf**

[17] City's attorneys received the FAC in their capacity as the attorneys of record in this case for the City, and not in their capacity as attorneys for Santos, particularly because they did not start to represent Santos in this case until October 3, 2025 (Tu Dec. 19; ECF 12, pg. 1 fn.2). Even if the receipt of Plaintiff's FAC by the City's attorneys could somehow be imputed as actual notice to Santos about this lawsuit, it would still not confer the Court with personal jurisdiction over him. That is because "[n]either actual notice, nor simply naming [Santos] in the caption of the [FAC] will subject [him] to [the Court's] personal jurisdiction if service was not made in substantial compliance with Rule 4." Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982)., pg. 8, **City of Portland Motion to Dismiss7.pdf**

Plaintiff's Memorandum in Opposition to Defendants Motion to Dismiss pg. 7

mandatory… upon a showing of good cause," and "The second is discretionary… upon a showing of excusable neglect." [18] [19]

- Plaintiff's actions demonstrate diligence and eventual completion of service: identification of Santos in September 2024, coordination efforts with defense counsel regarding service and waivers for other defendants, explicit notice that Santos was retired (requiring non-waiver service), and completed substitute

---

[18] Townsel v. Contra Costa County, 820 F.2d 319, 320 (9th Cir. 1987) (emphasis added). "For a plaintiff who does not comply with the [90-day] service deadline, Rule 4(m) provides two avenues for relief." Bradford v. Slayton, 2021 WL 1341855, at *1 (D. Or. Apr. 9, 2021). "The first is mandatory: the district court must extend time for service upon a showing of good cause." Lemoge v. U.S., 587 F.3d 1188, 1198 (9th Cir. 2009); see also In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001) (stating that "upon a showing of good cause for the defective service, the court must extend the time period" for service). "The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." Lemoge, at 1198;, pg. 9, [City of Portland Motion to Dismiss7.pdf](City of Portland Motion to Dismiss7.pdf)

[19] see also Sheehan, at 512 (stating that "if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period" for service)., pg. 10, [City of Portland Motion to Dismiss7.pdf](City of Portland Motion to Dismiss7.pdf)

service with mailing by September 30, 2025. [20] [21] [22] [23] [24] [25] [26] These facts weigh in favor of extending the time for service and denying dismissal.

---

[20]
(4) Plaintiff added and identified Santos as a named defendant in this case for the first time when she filed her First Amended Complaint ("FAC") in this Court on September 10, 2024 (ECF 10, pg. 1 caption and 16; ECF 18, pgs. 2-3; Tu Dec. 14);, pg. 3, [City of Portland Motion to Dismiss7.pdf]

[21]
(9) On September 12, 2024, after receiving the service copy of Plaintiff's Revised FAC and seeing the names of the newly added individual defendants, the City's lead attorney emailed Plaintiff's attorneys, offering to "reach out to currently employed City employee defendants to see if they will [give her permission to] accept service of the Amended Complaint[,]" and informing them which of the individuals named as defendants were currently employed by the City, which did not include Santos (Tu Dec. 15, Ex. 1, pg. 2; emphasis added), thereby indicating to Plaintiff's attorneys that they would need to have Santos served with the Summons;, pg. 4, [City of Portland Motion to Dismiss7.pdf]

[22]
(12) Later that same day, the City's lead attorney sent an email to Plaintiff's attorneys in which she stated, "I am in receipt of the requests for waiver of service[,]" and again informed him that "we are contacting the currently employed PPB members regarding their willingness to waive service" (Tu Dec. 16, Ex. 2, pg. 1), thereby again indicating to Plaintiff's attorneys that they would need to have Santos served with the Summons;, pg. 5, [City of Portland Motion to Dismiss7.pdf]

[23]
(13) On October 2, 2024, the City's lead attorney sent an email to Plaintiff's attorneys, to which she attached "the executed waivers of service for: Lovell, Lindsey, Quick, Jensen, Baer, Hertzler, and Samora[,]" but not one for Santos (Tu Dec. 18, Ex. 4, pg. 1), thereby again indicating to Plaintiff's attorneys that they would need to have Santos served with the Summons;3, pg. 5, [City of Portland Motion to Dismiss7.pdf]

[24] Sheffield, Naomi Monday, September 23, 2024 3:20 PM Robert Parker; Tu, Trung Ernest Warren, pg. 1, [Trung2.pdf]

[25] We have begun reaching out to current City employees. I believe that we previously mentioned this, but I wanted to let you know again that Michael Frome and Joseph Santos are both retired and are no longer employed by the City, so we will not be reaching out to those individuals about waiver of service., pg. 1, [Trung2.pdf]

[26]

Lemoge v. United States and In re Sheehan support granting relief from Rule 4(m)'s deadline where, as here, Plaintiff has acted to complete service and dismissal would elevate form over substance, especially in a civil rights case. Santos's motion quotes Lemoge and Sheehan for the propositions that good cause requires an extension and that courts retain discretion to extend time absent good cause. [27] [28] The Court should exercise that discretion here.

### III. Santos Cannot Show Prejudice; The Balance Favors Adjudication on the Merits

Santos claims prejudice from the passage of time but identifies no specific prejudice from the brief period between the OSC deadline and the completion of service. Plaintiff completed service immediately following the OSC period, and defense counsel

---

(16) On October 7, 2025, Plaintiff filed an Affidavit of Service from her process server, stating that substitute service of the Summons, Complaint and Civil Case Assignment Order was made on Santos' wife at Santos' home address on September 29, 2025; the required follow-up mailing of those documents to Santos was sent on September 30, 2025 (ECF 52), so service of process on Santos in this case was finally completed on September 30, 2025; and it appears that Plaintiff has not otherwise responded to the Court's OSC., pg. 6, City of Portland Motion to Dismiss7.pdf

[27] Townsel v. Contra Costa County, 820 F.2d 319, 320 (9th Cir. 1987) (emphasis added). "For a plaintiff who does not comply with the [90-day] service deadline, Rule 4(m) provides two avenues for relief." Bradford v. Slayton, 2021 WL 1341855, at *1 (D. Or. Apr. 9, 2021). "The first is mandatory: the district court must extend time for service upon a showing of good cause." Lemoge v. U.S., 587 F.3d 1188, 1198 (9th Cir. 2009); see also In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001) (stating that "upon a showing of good cause for the defective service, the court must extend the time period" for service). "The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." Lemoge, at 1198;, pg. 9, City of Portland Motion to Dismiss7.pdf

[28] see also Sheehan, at 512 (stating that "if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period" for service)., pg. 10, City of Portland Motion to Dismiss7.pdf

did not represent Santos until October 3, 2025, after service was completed. [29] [30] The City and other defendants have actively litigated since 2024, including motions to dismiss and sur-replies, which means the case has proceeded without surprise to defense interests. [31] [32] The absence of concrete prejudice weighs against dismissal.

---

[29]

> (16) On October 7, 2025, Plaintiff filed an Affidavit of Service from her process server, stating that substitute service of the Summons, Complaint and Civil Case Assignment Order was made on Santos' wife at Santos' home address on September 29, 2025; the required follow-up mailing of those documents to Santos was sent on September 30, 2025 (ECF 52), so service of process on Santos in this case was finally completed on September 30, 2025; and it appears that Plaintiff has not otherwise responded to the Court's OSC., pg. 6, City of Portland Motion to Dismiss7.pdf

[30] City's attorneys received the FAC in their capacity as the attorneys of record in this case for the City, and not in their capacity as attorneys for Santos, particularly because they did not start to represent Santos in this case until October 3, 2025 (Tu Dec. 19; ECF 12, pg. 1 fn.2). Even if the receipt of Plaintiff's FAC by the City's attorneys could somehow be imputed as actual notice to Santos about this lawsuit, it would still not confer the Court with personal jurisdiction over him. That is because "[n]either actual notice, nor simply naming [Santos] in the caption of the [FAC] will subject [him] to [the Court's] personal jurisdiction if service was not made in substantial compliance with Rule 4." Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982)., pg. 8, City of Portland Motion to Dismiss7.pdf

[31] Pursuant to Federal Rule of Civil Procedure 12(g)(1), Defendant Santos hereby joins in and incorporates all of the arguments made by Defendants City of Portland ("City"), Charles Lovell III, Jennifer Hertzler, Shaye Samora, Jacob Jensen, Robert Quick, Chris Lindsey, and Rachel Baer (collectively, "Other City Defendants")1 in their Motion to Dismiss Plaintiff's Third Amended Complaint (ECF 30), Reply in Support of Motion to Dismiss Plaintiff's Third Amended Complaint (ECF 39), and Sur-Response to Plaintiff's Sur-Reply to the City's Motion to Dismiss (ECF 43) (collectively, "Other MTD Filings") which pertain to the specific claims for relief against him that are moved against herein, as though they are fully set forth and included in this Motion., pg. 2, City of Portland Motion to Dismiss7.pdf

[32]

> (14) The City's attorneys noted, and thereby reminded Plaintiff, that Santos had not been served with the summons in the: (a) City's Motion to Dismiss Plaintiff's First Amended Complaint ("First MTD"), filed September 25, 2024 (ECF 12, pg. 11 fn.2); (b) Other City Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint ("Second MTD"), filed on January 14, 2025 (ECF 30, pg. 9 fn.1; ECF 45, pg. 2); and (c) Other City Defendants' Sur-Response to Plaintiff's Sur- Reply to City's Motion to Dismiss ("Sur-Response"), filed on August 5, 2025 (ECF 43, pg. 2 fn.2);, pg. 5, City of Portland Motion to Dismiss7.pdf

## IV. The Federal Interest in Resolving Civil Rights Claims on the Merits Supports Denying Dismissal

This case asserts claims under 42 U.S.C. § 1983 against Santos. Santos's motion concedes that Plaintiff's FAC was the first pleading naming him as a defendant in the federal action and that Plaintiff later asserted additional § 1983 claims in the SAC and TAC. [33] [34] [35] Given the federal interest in adjudicating § 1983 claims on their merits, and the Ninth Circuit's guidance in Lemoge and Sheehan on Rule 4(m) discretion, the equities favor extending time and denying dismissal.

## V. Failure-to-Prosecute Dismissal Is Unwarranted

Santos invokes Rule 41(b), arguing failure to prosecute due to untimely service. But the Court issued an OSC, and Plaintiff immediately completed substitute service and mailing

---

[33] Since the FAC, which asserts at least one § 1983 claim (ECF 10, ¶¶ 53-54), is Plaintiff's first complaint that named Santos as a defendant in this case, this lawsuit was commenced against him when Plaintiff filed the FAC on September 10, 2024. See Fed. R. Civ. P. 3 (stating that "[a] civil action is commenced by filing a complaint with the court"); Sain v. City of Bend, 309 F.3d 1134, 1138 (9th Cir. 2002) (joining four other circuits to "hold that a § 1983 action is commenced, pg. 8, **City of Portland Motion to Dismiss7.pdf**

[34] in federal district court for purposes of the statute of limitations when the complaint is filed"). As such, pursuant to Rule 4(m), Plaintiff was required to serve Santos by November 9, 2024, which was 90 days from when the FAC was filed on September 10, 2024., pg. 9, **City of Portland Motion to Dismiss7.pdf**

[35] However, as noted above, service of the Summons and Plaintiff's operative complaint on Santos was not completed until September 30, 2025 (ECF 52). That means Santos was served: (1) 385 days after the FAC - which commenced this lawsuit against him - was filed on September 10, 2024 (ECF 10, pg. 1 caption and 16; ECF 18, pgs. 2-3; Tu Dec. 14); (2) 327 days after the SAC - which asserted the First, Second and Third Claims against Santos for the first time in this case - was filed on November 7, 2024 (ECF 20, ¶¶ 54-69; compare with ECF 26, ¶ 93-109 and ECF 11, ¶¶ 54-87); and (3) 287 days after the filing of the operative TAC - which asserts the Fifth Claim against Santos for the first time in this case - on December 17, 2024 (ECF 26, ¶¶ 116-25; compare with ECF 11, ¶¶ 54-87 and ECF 20, ¶¶ 76-81). Santos was therefore not served within 90 days from the filing of the FAC, SAC and/or TAC., pg. 9, **City of Portland Motion to Dismiss7.pdf**

Plaintiff's Memorandum in Opposition to Defendants Motion to Dismiss pg. 12

by September 30, 2025. [36] [37] That sequence does not justify the drastic sanction of dismissal, particularly where Santos identifies no actual prejudice and where service has now been accomplished.

## Conclusion

Plaintiff respectfully requests that the Court deny Santos's motion to dismiss. In the alternative, Plaintiff requests that the Court exercise its discretion under Rule 4(m) to deem the September 30, 2025 service timely or to extend the time for service nunc pro tunc to that date, in light of Plaintiff's efforts, the lack of prejudice, and the strong federal

---

[36] the court by September 29, 2025, describing the status of service on defendants Frome and Santos and whether good cause exists to [not] dismiss them from this action for failing to timely serve them and the resulting lack of prosecution of this action against them" and warning Plaintiff that the Court "will dismiss this action without prejudice against the unserved defendants if" she "fail[s] to timely comply with this Order" (ECF 45, pgs. 2-3); and, pg. 6, **City of Portland Motion to Dismiss7.pdf**

[37]
(16) On October 7, 2025, Plaintiff filed an Affidavit of Service from her process server, stating that substitute service of the Summons, Complaint and Civil Case Assignment Order was made on Santos' wife at Santos' home address on September 29, 2025; the required follow-up mailing of those documents to Santos was sent on September 30, 2025 (ECF 52), so service of process on Santos in this case was finally completed on September 30, 2025; and it appears that Plaintiff has not otherwise responded to the Court's OSC., pg. 6, **City of Portland Motion to Dismiss7.pdf**

interest in resolving § 1983 claims on the merits as reflected in Lemoge and Sheehan. [38]

[39]

Dated this 17th day of November 2025.

Respectfully submitted,<br>
**LAW OFFICE OF ROBERT R. PARKER, JR., LL. B., LLC**

By: **/s/ Robert R. Parker, Jr.**<br>
Robert R. Parker, Jr.<br>
**OSB 216437**<br>
**Attorney for Plaintiff**

**LAW OFFICE OF WARREN & SUGARMAN**<br>
**/s/ Ernest Warren**<br>
Ernest Waren<br>
**OSB # 891384**<br>
**Attorney for Plaintiff**

---

[38] Townsel v. Contra Costa County, 820 F.2d 319, 320 (9th Cir. 1987) (emphasis added). "For a plaintiff who does not comply with the [90-day] service deadline, Rule 4(m) provides two avenues for relief." Bradford v. Slayton, 2021 WL 1341855, at *1 (D. Or. Apr. 9, 2021). "The first is mandatory: the district court must extend time for service upon a showing of good cause." Lemoge v. U.S., 587 F.3d 1188, 1198 (9th Cir. 2009); see also In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001) (stating that "upon a showing of good cause for the defective service, the court must extend the time period" for service). "The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." Lemoge, at 1198;, pg. 9, **City of Portland Motion to Dismiss7.pdf**

[39] see also Sheehan, at 512 (stating that "if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period" for service)., pg. 10, **City of Portland Motion to Dismiss7.pdf**

Plaintiff's Memorandum in Opposition to Defendants Motion to Dismiss pg. 14

# CERTIFICATE OF SERVICE

I, Robert R. Parker, Jr., do hereby certify that I served a copy of the foregoing Plaintiff's Memorandum of Law in Opposition to the Defendants' Motion to Dismiss on all opposing counsel of record by electronic mail service to the respective email addresses listed in the files and records of this Court on this the 17th day of November 2025.

Respectfully submitted,

**/s/ Robert R. Parker, Jr.**
Robert R. Parker, Jr.