UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KAREN CHIRRE,                                          Case No. 3:24-cv-01334-AR

              Plaintiff,                                **ORDER**

     v.

CITY OF PORTLAND, CHARLES
LOVELL III, MICHAEL FROME, JOSEPH
SANTOS, JENNIFER HERTZLER, SHAYE
SAMORA, JACOB JENSEN, ROBERT
QUICK, CHRIS LINDSEY, and RACHEL
BAER,

              Defendants.

_____

**ARMISTEAD, United States Magistrate Judge**

      Plaintiff Karen Chirre brings this action against multiple defendants, including defendant

Joseph Santos. Chirre named Santos as a defendant on September 10, 2024, yet failed to serve

him with a copy of the summons and complaint until September 30, 2025. Presently before the

court is Santos's motion to dismiss the Third Amended Complaint against him for lack of

Page 1 – ORDER
*Chirre v. City of Portland*, 3:24-cv-01334

jurisdiction and insufficient service of process under Federal Rule of Civil Procedure 12(b)(5).

As explained below, the motion is denied.[1]

## BACKGROUND

On July 11, 2024, Chirre filed a complaint against several defendants, including the City of Portland and several Portland Police Bureau officers, in Multnomah County Circuit Court. Defendants removed the action to this court on August 14. Two days later, attorneys for the City conferred with Chirre's attorneys about filing a motion to dismiss and discussed accepting service or waiving service on behalf of defendants currently employed by the City. Chirre named Santos as a defendant for the first time in a First Amended Complaint filed on September 10. On September 12 and 20, the City's attorneys again discussed seeking waivers of service on behalf of currently employed defendants. On September 23, the City's attorney emailed Chirre's attorneys expressly stating that Santos was retired, no longer employed by the City, and that the City would not reach out to him about a waiver of service.

In a motion to dismiss filed in January 2025, the City defendants highlighted that Santos had not been served. On August 29, the court issued an Order to Show Cause requiring Chirre to file proofs of service for Santos or explain in writing by September 29 why service had not yet been completed. (OSC, ECF 45.)

On October 7, Chirre filed an affidavit of service describing that on September 29, substitute service of the summons, complaint, and case assignment was accomplished by leaving those documents with Santos's wife at his home, and that follow-up service by first-class mail

---

[1]     The court conducted oral argument on February 5, 2026, and took the matter under advisement.

Page 2 – ORDER
*Chirre v. City of Portland*, 3:24-cv-01334

was completed on September 30 by mailing those documents to Santos's home. (ECF 52.) On November 3, Santos filed this motion to dismiss for lack of jurisdiction, contesting the sufficiency of service, lack of jurisdiction, and failure to prosecute because Chirre failed to timely comply with Rule 4(m).[2]

## LEGAL STANDARD

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). A court lacks personal jurisdiction over a defendant unless the defendant has been served in compliance with Rule 4. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). Defendants may challenge the sufficiency of service, such as the method or timing of service, under Federal Rule of Civil Procedure 12(b)(5). FED. R. CIV. P. 12(b)(5) (providing motion to dismiss for "insufficient service of process"). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Under Rule 4(m), a plaintiff must serve a defendant with the summons and a copy of the complaint "within 90 days after the complaint is filed." "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m); *see also* FED. R. CIV. P. 12(b)(5). Rule 4(m) requires that the court extend the time for service if the plaintiff shows good cause. *Lemoge v.*

---

[2]      In his motion, Santos also joined and incorporated all the arguments made by the other City defendants as permitted by Rule 12(g)(1). (Santos Mot. Dismiss, ECR 56 at 2.)

*United States*, 587 F.3d 1188, 1198 (9th Cir. 2009); FED. R. CIV. P. 4(m); *see also United States v. 2,164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004). Even absent good cause, the court has "broad discretion to extend the time for service." *2,164 Watches*, 366 F.3d at 773; *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001).

## DISCUSSION

The court has considered the parties' briefing, supporting materials, and the additional explanation offered by Chirre's attorney, Robert R. Parker, Jr., at oral argument. As argued by Santos, Chirre has failed to demonstrate good cause for failing to timely serve him. Chirre served Santos 385 days after Santos was first named as a defendant; service was accomplished on September 30—295 days after the 90-day service period in Rule 4(m) lapsed. Chirre's explanation is wanting. Consequently, under Rule 4(m), the court is not required to extend the time for service.

Nevertheless, the court considers whether, even absent good cause, it should exercise discretion to extend the time for service here. When making such an evaluation, courts typically consider the following factors: (1) length of delay; (2) reasonableness of explanation for delay, such as evasion of service; (3) plaintiff's diligence in attempting service; (4) a limitations bar; (5) prejudice to defendant; (6) actual notice of the lawsuit; and (7) eventual service. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (discussing factors stated in *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)). The court examines those factors below.

*Length of Delay:* Although more than a year has passed between Chirre naming Santos as a defendant and accomplishing service, the delay in service has not significantly affected the prosecution of this lawsuit. The case remains at the pleading stage; Chirre has filed three

Page 4 – ORDER
*Chirre v. City of Portland*, 3:24-cv-01334

amended complaints and there is a pending motion to dismiss that Santos has joined. Accordingly, the length of delay has had minimal effect here and weighs heavily in favor of extending the time for service here.

*Reasonableness of Explanation for Delay:* Chirre's explanation for the delay lacks specifics. Only after the court ordered that service be accomplished did Chirre undertake efforts to serve Santos. At oral argument, Parker stated that he overlooked that Santos had not been served because he had undergone medical treatment. Yet no affidavit or declaration attesting to that fact was offered in response to Santos's motion. Thus, this factor weighs in favor of dismissal.

*Diligence in Attempting Service:* The record does not reflect that Chirre attempted to serve Santos with the summons and operative complaint before the deadline set in the Order to Show Cause; this weighs in favor of dismissal.

*Limitations Bar:* Chirre's § 1983 claims against Santos are subject to a two-year statute of limitations. *Sain v. City of* Bend, 309 F.3d 1134, 1139 (9th Cir. 2009) (holding that two-year statute of limitations for personal injury actions in ORS § 12.110 applies to § 1983 claims). Neither party suggests that Chirre's claims against Santos would be time-barred if dismissal were granted here. The court observes that as a practical matter, however, a newly filed action against Santos likely would be consolidated with this lawsuit. The court thus finds this factor neutral.

*Prejudice to Defendant:* Santos argues that he has been prejudiced because he could not participate in conferring on previous complaints, did not contribute to the briefing, and did not have an opportunity to respond to the specific facts alleged against him. As noted above, Santos has joined the briefing submitted by the other City defendants. Additionally, the court will permit

Santos to submit supplemental briefing limited to addressing the facts alleged against him on an expedited basis, obviating any potential for prejudice. Accordingly, the absence of prejudice to Santos weighs heavily in favor of extending the time for service.

*Actual Notice of the Lawsuit:* Chirre remonstrates that Santos had actual notice of the lawsuit before he was served because other defendants, with whom Santos is friendly, were served and moved to dismiss. Even if true, Chirre presents no evidence, affidavit, or declaration demonstrating actual notice. This factor weighs in favor of dismissal.

*Eventual Service:* Chirre contends that Santos has been served, and because of the lack of prejudice to Santos, the balance of equities favor permitting her to proceed against Santos in this lawsuit. The court agrees. Service was accomplished one day after the service deadline set by the court in its Order to Show Cause. This factor weighs in favor of extending the service period.

Considering the factors above, the court finds it appropriate to exercise its broad discretion to extend the time for service of Santos. The length of delay, absence of prejudice to Santos, and his eventual service weigh heavily in favor of extending the service period. Notably, this lawsuit remains in the pleading stage and Santos will be provided with an opportunity to address the specific factual allegations against him, thus minimizing any potential prejudice to him. Santos has been served, is represented by the City (also representing other PPB officers), and has joined the previously submitted briefing. Accordingly, his motion to dismiss for insufficient service of process is denied.

## CONCLUSION

For the above reasons, Santos's Motion to Dismiss (ECF 56) is DENIED. Santos is directed to file a Supplemental Brief in Support of the pending Motion to Dismiss (ECF 30)

Page 6 – ORDER
*Chirre v. City of Portland*, 3:24-cv-01334

explaining why the Third Amended Complaint should be dismissed with respect to the specific

factual allegations against him by **March 2, 2026**. Chirre's Response to Santos's Supplemental

Brief in Support is due **March 16, 2026**. No Reply or Sur Reply will be permitted and will be

stricken by the court.

DATED: February 6, 2026

_____

JEFF ARMISTEAD

United States Magistrate Judge