UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KAREN CHIRRE,

                    Plaintiff,

        v.

CITY OF PORTLAND, CHARLES
LOVELL III, MICHAEL FROME, JOSEPH
SANTOS, JENNIFER HERTZLER, SHAYE
SAMORA, JACOB JENSEN, ROBERT
QUICK, CHRIS LINDSEY, and RACHEL
BAER,

                    Defendants.

_____

Case No. 3:24-cv-01334-AR

**ORDER DENYING DISMISSAL OF
MICHAEL FROME**

**ARMISTEAD, United States Magistrate Judge**

        Plaintiff Karen Chirre brings this action against multiple defendants, including Michael

Frome. Chirre named Frome as a defendant on September 10, 2024, yet failed to serve him with

a copy of the summons and complaint until March 17, 2026. Before the court is Frome's motion

to dismiss for lack of jurisdiction and insufficient service of process under Federal Rules of Civil

Procedure 4(m), 12(b)(2) & 12(b)(5). As explained below, Frome's motion is DENIED.

**BACKGROUND**

The court previously summarized the relevant factual and procedural background concerning late service when it denied a similar motion from defendant Joseph Santos; the court does not repeat that background here. (Order, ECF 69 at 3-6.) That same day, the court also denied Chirre's request to serve defendant Frome by publication because she failed to "demonstrate by 'positive averments of probative or evidentiary facts' that service on [] Frome 'is not possible by another method otherwise specified' under ORCP 7D." (Order Denying Service By Pub. at 3-4, ECF 70.) On March 19, 2026, Chirre filed a certificate of service showing that on March 17, personal service of the summons was received by Frome, and that follow-up service by first-class mail was completed the next day. (Summons Process Receipt, ECF 73.)

The court now considers Frome's motion to dismiss for lack of personal jurisdiction and insufficient service of process under Federal Rules of Civil Procedure 4(m) and 12(b)(5).[1] (Frome MTD, ECF 74.) Frome contends that Chirre has failed to timely serve him or demonstrate good cause for her untimely service and that dismissal against Frome is appropriate. (Frome Notice of Joinder & MTD at 7-10, ECF 74.) Chirre submitted an untimely response in which she contends that she made diligent efforts to serve Frome, including moving to serve him by publication—a motion denied by the court. According to Chirre, her delay in serving Frome was due to his change of employment and the City's refusal to waive service on Frome's behalf. (Pl.'s Mot. for Late Resp., ECF 76; Pl.'s Opp'n, ECF 77.)

---

[1] In his motion, Frome also joined and incorporated all the arguments made by the other City defendants as permitted by Rule 12(g)(1). (Frome MTD at 2 (Notice of Joinder).)

Page 2 – ORDER DENYING DISMISSAL OF FROME
*Chirre v. City of Portland*, 3:24-cv-01334

**LEGAL STANDARD**

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). A court lacks personal jurisdiction over a defendant unless that defendant has been served in compliance with Rule 4. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4."). Defendants may challenge the sufficiency of service, such as the method or timing of service, under Federal Rule of Civil Procedure 12(b)(5). FED. R. CIV. P. 12(b)(5) (providing motion to dismiss for "insufficient service of process"). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Rule 4(m) states that a plaintiff must serve a defendant with the summons and a copy of the complaint "within 90 days after the complaint is filed." If a defendant is not served within that time, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m); *see also* FED. R. CIV. P. 12(b)(5). Yet Rule 4(m) also requires that the court extend the time for service if a plaintiff shows good cause. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009); FED. R. CIV. P. 4(m); *see also United States v. 2,164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004). The court also has "broad discretion to extend the time for service" if a plaintiff fails to demonstrate good cause. *2,164 Watches*, 366 F.3d at 773.

\ \ \ \ \

\ \ \ \ \

**DISCUSSION**

As argued by Frome, Chirre has failed to demonstrate good cause for failing to timely serve him. Chirre served Frome 553 days after he was first named as a defendant; service was accomplished on March 17—463 days after the 90-day service period in Rule 4(m) lapsed. Consequently, under Rule 4(m), the court need not extend the time for service.

But the court may, without good cause, still consider whether it should exercise discretion to extend the time for service here. When making such an evaluation, courts typically consider the following factors: (1) length of delay; (2) reasonableness of explanation for delay, such as evasion of service; (3) plaintiff's diligence in attempting service; (4) a limitations bar; (5) prejudice to defendant; (6) actual notice of the lawsuit; and (7) eventual service. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (discussing factors stated in *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)). The court examines those factors below.

*Length of Delay:* Although more than 18 months have passed between Chirre naming Frome as a defendant and accomplishing service, the delay in such service has not significantly affected the proceedings in this lawsuit. The case is still in the pleadings stage; Chirre has filed three amended complaints, and the court has a pending motion to dismiss that Frome has joined. Accordingly, the length of delay has minimally affected the case proceedings and thus weighs heavily in favor of extending the time for service here.

*Reasonableness of Explanation for Delay:* The court has no information suggesting that Chirre took steps to serve Frome at any point before it issued the Order to Show Cause in August 2025. When denying Chirre's motion to serve Frome by publication, the court noted that although the process server attempted personal service several times in September and October

2025, she submitted no evidence describing her public records and database searches, or why serving Frome by "first-class, certified, registered, or express mail would be impracticable." (Order Denying Service by Pub. at 4.) Chirre finally accomplished service of Frome on March 17, 2026. In her request to file a late response, Chirre's counsel, Robert R. Parker, for the first time, contends that the delay is due to medical treatment he is receiving. (Mot. for Late Resp. at 2, ECF 76.) Although Mr. Parker's treatment explains his tardy response to Frome's motion to dismiss, it does not explain why Chirre could not have accomplished service earlier in the case. Because Chirre has not sufficiently explained the reason for the delay in serving Frome, this factor favors dismissal.

*Diligence in Attempting Service:* The record shows no attempts by Chirre to serve Frome with the summons and operative complaint before this court's August 29, 2025, Order to Show Cause. And after the court denied service by publication in February 2026, it took more than 30 days to accomplish service. In all, 553 days passed between naming Frome as a defendant and serving him with process—well beyond the 90-day deadline outline in Rule 4(m). This factor also favors dismissal.

*Limitations Bar:* Chirre's claims under 42 U.S.C. § 1983 against Frome are subject to a two-year statute of limitations. *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2009) (holding that § 1983 claims apply to ORS § 12.110, which has a two-year statute of limitations for personal injury actions). Neither party suggests that Chirre's claims against Frome would be time-barred if dismissal were granted here. *See Lemoge*, 587 F.3d at 1198 (noting that an exercise of discretion to extend time to complete service would be appropriate if "a statute-of-limitations bar would operate to prevent re-filing of the action"). As a practical matter, however,

Page 5 – ORDER DENYING DISMISSAL OF FROME
*Chirre v. City of Portland*, 3:24-cv-01334

the court observes a newly filed action against Frome likely would be consolidated with this lawsuit. Thus this factor is neutral.

*Prejudice to Defendant:* Frome makes several arguments to assert why the court should dismiss Chirre's action for untimely service of process, but he does not explain how he would be prejudiced by an extension of time for service. The court observes that Frome is represented by the same attorneys and has joined the arguments advanced by the other City defendants in this action. And despite the lengthy delay, this action remains at the pleading stage. Accordingly, the absence of prejudice weighs heavily in favor of extending the time for service.

*Actual Notice of the Lawsuit:* Chirre contends that "Frome, through counsel, has been aware of and actively participated in the litigation." (Pl.'s Opp'n at 3, ECF 77.) Even if true, Chirre presents no evidence, affidavit, or declaration demonstrating actual notice. This factor supports dismissal.

*Eventual Service:* Chirre contends that Frome has been served, and because of the lack of prejudice to Frome, the balance of equities favor permitting her to proceed against Frome in this lawsuit. The court agrees. Service was accomplished before the court issued a ruling on the pending motion to dismiss. This factor weighs in favor of extending the service period.

Considering the factors above, the court finds it appropriate to exercise its broad discretion to extend the time for service of Frome. The length of delay, absence of prejudice to Frome, and his eventual service weigh heavily in favor of extending the service period. Notably, this lawsuit remains in the pleading stage, and the specific factual allegations against Frome are scant, thus minimizing any potential prejudice to him. Frome has been served, is represented by the City (also representing other PPB officers), and he has joined the arguments made by the

Page 6 – ORDER DENYING DISMISSAL OF FROME
*Chirre v. City of Portland*, 3:24-cv-01334

other City defendants. Accordingly, Frome's motion to dismiss for insufficient service of process is denied.

## CONCLUSION

For the above reasons, Frome's Motion to Dismiss (ECF 74) is DENIED.

DATED: June 9, 2026.

_____
JEFF ARMISTEAD
United States Magistrate Judge