**Robert R Parker, Jr**
OSB #216437
838 SW First Avenue
Suite 400
Portland, Oregon 97204
213-798-8095
robert@robertparkerlawoffices.com

**Ernest Warren**
OSB #891384
Warren & Sugarman
Portland, Oregon 97204
503-228-6655
e.warren@ernestwarrenlaw.com

Of Attorneys for Plaintiff, Karen Chirre

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **KAREN CHIRRE,**<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF PORTLAND, CHARLES LOVELL III, MICHAEL FROME, JOSEPH SANTOS, JENNIFER HERTZLER, SHAYE SAMORA, JACOB JENSON, ROBERT QUICK, CHRIS LINDSAY, RACHEL BAER**<br><br>Defendants. | **Case No. 3:24-CV-01334-AR**<br><br>**PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S FINDINGS AND RECOMMENDATION**<br><br>(Oral Argument Requested) |

## INTRODUCTION

In response to Magistrate Jeff Armistead's Findings and Recommendations ("F&R") wherein the Court partially dismissed without prejudice Plaintiff's Third Amended Complaint's (ECF 26) First Cause of Action, dismissed without prejudice the Second through Sixth Causes of Action and dismissed with prejudice, the Seventh Cause of Action, (ECF 83) Plaintiff respectfully submits the following Objections. While firmly intending to file a Fourth Amended Complaint ("FAC") upon entry of the instant motion's final judgment, Plaintiff respectfully submits herein objections to the Magistrate's partial dismissal of the TAC's First Cause of Action and the Second Cause of Action.

## LEGAL STANDARD

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate judge's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge [] sua sponte . . . under a de novo or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the court may review the magistrate judge's findings and recommendations for "clear error on the face of the record."

ARGUMENT

**I. MAGISTRATE ERRED BY FAILING TO PROPERLY APPLY SECTION 12(B)(6) STANDARDS TO PLAINTIFF'S FIRST CAUSE OF ACTION-MALICIOUS PROSECUION**

While correctly citing to the following well established standards for reviewing a Section 12(b)(6) Motion to Dismiss, the Magistrate erred in failing to apply the full import of said standards when recommending partial dismissal of Plaintiff's First Cause of Action against Defendants' Santos and Hertzler for fabricating evidence relied upon for both probable cause and criminal indictment pursuant to ORS 162.415 Official Misconduct.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs*., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co*., 668 F.3d 1136, 1140 (9th Cir. 2012), and draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Off. Sol*., 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). Lastly the motion to dismiss phase of the

proceedings is not an opportunity for the court to find facts or weigh facts because the court is only charged with assessing the sufficiency of the complaint. *Dunn v. Pierce County*, 2016 U.S.Dist.LEXIS 51724, at *4 (W.D.Wash. Apr. 15, 2016).

In addition to properly reading Plaintiff's complaint in light of the above standards, it is equally paradigmatic that Rule 8(a)'s simplified pleading standard applies such that Plaintiff is solely required to plead 'short and plain' statements that provide "defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Here, the Magistrate erroneously strayed from applying such standards but rather instead, construed Plaintiff's allegations too narrowly while weighing their 'probability' instead of their 'plausibility.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)("the plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully").

**A. The Magistrate Impermissibly Weighed Plaintiff's Allegations that Defendants' Santos and Hertzler Fabricated Motive Evidence**

**<u>Santos</u>**

With respect to Plaintiff's First Cause of Action, Section 1983 Malicious Prosecution, Plaintiff, by alleging that Defendants' Santos, Hertzler, and Samora[1] had fabricated evidence pertaining to Plaintiff's motive, i.e., "that she unlawfully used her PPB credentials to gain entry to the secure thirteenth floor to interfere with the investigation of Bruce [her husband] despite

[1] Although Plaintiff is otherwise seeking liability against Defendants' LovelL, Frome, Santos, Hertzler, and Samora under her First Cause of Action, for purposes of the instant Objection, Plaintiff objects to the Magistrate's recommended dismissal of Santos and Hertzler with respect to what the Magistrate designates as "fabricated motive evidence" and Samora with respect to "exculpatory laboratory results" as additionally coined by the Magistrate

knowing that her sole purpose was to inquire about her husband's well-being," TAC ¶¶ 58, 59, 61, 63, ECF 83(Findings and Recommendation), p. 17, sufficiently met her pleading burden notwithstanding the Magistrate's resorting to erroneously weighing Plaintiff's allegations.

Here, despite correctly acknowledging that the presumption of probable cause upon indictment can be rebutted where plaintiff sets forth sufficient allegations that "the criminal prosecution was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith," *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004), the Magistrate, instead of correctly accepting Plaintiff's allegations as true and construing them in the light most favorable, expressly weighed Plaintiff's allegations.

Here, Plaintiff has alleged that upon learning that her husband had been transported to the Detective Division at PPB Second Avenue Precinct, Plaintiff immediately alighted to the precinct with "the intention of ensuring that her husband was ok and that the burns that he incurred the previous evening were being attended to." ECF 26, TAC ¶40.

Prior to setting off to the precinct, Plaintiff contacted Defendant Lieutenant Quick and informed him that she was heading to the precinct to check on her husband's welfare. TAC fn. 3, p. 17. Quick informed Santos that Plaintiff was on her way to the precinct with an intention other than checking on her husband's welfare but rather with the aim of intervening in her husband's investigation. *Id*. This fabrication was subsequently adopted by Santos who, in relying upon such for probable cause, subsequently formed the basis upon which the District Attorney charged and indicted Plaintiff on three counts of ORS 162.325 Hindering Prosecution. ____ Upon arriving at the precinct, the clerk at the front desk issued Plaintiff a visitor badge and waived her through where "she proceeded to the detective division on the thirteenth floor with an intention of speaking with Defendant Detective Santos to check on her husband." TAC ¶41. "Upon arriving

at the thirteenth floor, *the receptionist, on her own accord*, again waived her through into the Detective Division's office area where she requested to speak with Detective Santos. Given her overwhelming and adrenalin informed concern for her husband, Karen, in realizing that she had best follow official protocol and wait to speak with Detective Santos in the reception area, returned to the first floor." TAC ¶42.

The TAC further alleges that despite knowing that Plaintiff had complied with the the above protocols for precinct visitors and accessing the 13th floor, TAC ¶59 Santos fabricated allegations forming the basis of probable cause to support one count of ORS 162.415 Official Misconduct wherein Plaintiff allegedly "us[ed] her PPB credentials or under the guise that she was exercising her employment duties to bypass the official channels of gaining access to the restricted and appointment-only thirteenth floor." TAC ¶58.

In accepting the above allegations as true and construing them in the light most favorable to Plaintiff, Plaintiff has alleged that she had in fact complied with PPB protocols for gaining access to both the precinct and its 13th floor, as well as having held lawful intentions for visiting her husband at the precinct. As such, the TAC sufficiently sets forth an issue of fact that Santos and Hertzler's allegations that Plaintiff showed up to the precinct to hinder her husband's prosecution and that she used her PPB credentials to enter the restricted 13th floor, were fabricated and/or could be construed as "wrongful conduct undertaken in bad faith," such that the TAC's allegations plausibly support Plaintiff's analysis that the presumption of probable cause otherwise afforded a Grand Jury's indictment was reasonably rebutted. See, *Caldwell v. City & Cnty. of S.F.*, 889 F.3d 1105, 1112 (9th Cir. 2018) (motive is merely one type of circumstantial evidence that may be used to support a claim of fabrication); *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (same).

In response to the above allegations and without accepting them as true and drawing all inferences in Plaintiff's favor, the Magistrate held that "it is *not plausible* that Santos would believe her [Plaintiff] over his own view of her behavior given that Chirre was not allowed to be on the restricted thirteenth floor[2]." ECF 83, p. 19. When considered in light of Plaintiff's allegations and the specific language relied upon by the Magistrate in recommending dismissal in part of Plaintiff's First Cause of Action against Santos, it is reasonable that the Magistrate incorrectly resorted to weighing Plaintiff's allegations rather than correctly applying the permissible standards for determining a Section 12(b)(6) motion to dismiss. It is paradigmatic that the choice between two plausible inferences drawn from factual allegations is not a choice to be made by the court on a Rule 12(b)(6) motion. *See, for e.g., Sono v. Ga.-Pac. Corrugated LLC,* 2025 U.S.Dist.LEXIS 4314, at *2(N.D.Cal. Jan. 8, 2025), citing *AndersonNews, L.L.C. v. American Media, Inc*., 680 F3d 162, 185 (2nd Cir. 2012)("the court cannot dismiss a complaint that alleges a "plausible version of the events merely because the court finds a different version more plausible.").

**B. The Magistrate Erred by Failing to Construe the TAC in its Entirety and Apply Rule 8(a)(2)'s Liberal Pleading Standard**

The Magistrate additionally erred by failing to construe Plaintiff's complaint in its entirety and apply Rule 8(a)'s liberal pleading standard that simply requires "fair notice" of what the claims are and "the grounds upon which they rest." *Twombly*, 550 U.S. at 555; *Bernard v. Myers*, 2011 U.S.Dist.LEXIS 122106, at *16(D.Or. Oct. 20, 2011), citing, *Braden v. Wal-Mart*

---

[2] Despite the existence of Plaintiff's allegation that when she arrived on the thirteenth floor, the receptionist 'waived her through into the Detective Division's office area where she requested to speak with Detective Santos to check on her husband," *TAC ¶41,* the Magistrate's conclusion that Plaintiff was not allowed to be on the restricted thirteenth floor underscores Plaintiff's contention that the Magistrate impermissibly strayed from his mandate by weighing the allegations and failing to construe Plaintiff's allegations as true and *in the light most favorable as the non-moving party*.

*Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) ("the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible.").

Although the Magistrate concluded that Plaintiff failed to allege '*to whom*' the fabricated evidence and testimony had been provided, when read in its entirety as is otherwise required, the TAC sufficiently alleges that "Defendants LovelL, Frome, Santos, Hertzler, Samora, Quick, Jensen, Lindsey and Baer under penalty of perjury deliberately fabricated evidence, by generating and *submitting false police reports and other documents* attesting to the existence of probable cause which were relied *upon by the prosecuting attorney* to both obtain an indictment and prosecute otherwise unwarranted claims which Defendants knew were patently false." TAC ¶103. To the extent that the Magistrate's dismissal was based upon the Court's purported inability to decipher whether Defendant Santos' fabrications were relied upon as testimony before the grand jury or 'non-testimonial' acts, the above allegations and reasonable inferences drawn therefrom reasonably belie the Magistrate's rationale for dismissal.

**Hertzler**

With respect to the sufficiency of allegations plead against Defendant Hertzler, the Magistrate engaged in the same impermissible weighing of facts and failure to construe Plaintiff's allegations as true while drawing all reasonable inferences therefrom in her favor. Despite setting forth allegations that (1) Hertzler fabricated events to support the Official Misconduct claim, i.e., that Plaintiff pressured the front desk clerk and Santos to allow her to speak with Defendant Hertzler, TAC ¶63; (2) deliberately fabricated evidence by generating and submitting false police reports and other documents…relied upon by the prosecuting attorney to both obtain an indictment and prosecute," TAC ¶103, and (3) that the "the receptionist, on her own accord, waived [Plaintiff] through into the Detective Division's office area where she

requested to speak with Detective Santos, TAC ¶42, the Magistrate, in weighing Plaintiff's allegations, concluded that "it is not plausible that Hertzler would believe Chirre over Hertzler's own view of Chirre's behavior because Chirre was not permitted to be on the restricted thirteenth floor." ECF 83, p. 21.

Similarly, the Magistrate's conclusion that Plaintiff failed to set forth allegations allowing for a plausible inference that the prosecutor based probable cause on the alleged motive evidence is belied by the above TAC's allegations that Hertzler generated and submitted false police reports and other documents that the prosecutor relied upon to bring charges against Plaintiff. TAC¶103. Again, the Magistrate held Plaintiff to a pleading standard that is patently incommensurate with the requirements of Rule 8(a) and the *Iqbal* standards.

Thus, the Magistrate's recommendation of partial dismissal with respect to Plaintiff's First Cause of Action against Defendant Hertzler as it applied to Plaintiff's reliance on fabricated motive evidence must be reasonably rejected.

## II. MAGISTRATE ERRED BY FAILING TO FIND THAT PLAINTIFF HAD SUFFICIENTY SET FORTH ALLEGATIONS SUPPORTING HER SECOND CAUSE OF ACTION-DELIBERATE FABRICATION

### A. Plaintiff has Sufficiently Set Forth Allegations that Santos and Hertzler had Fabricated Motive Evidence.

As Plaintiff's Second Cause of Action is premised on the same factual allegations of fabricated evidence as her First Cause of Action, the same arguments set forth above with respect to sufficiency equally apply. This is particularly the case given that the Magistrate's relied upon the same reasoning to dismiss the Second Cause of Action as the First Cause of Action with respect to the sufficiency of evidence pertaining to Plaintiff's reliance upon fabricated motive as grounds for both overcoming the presumption of probable cause (First Cause of Action) and as deliberate fabricated evidence in violation of the Fourteenth Amendment. (Second Cause of

Action).

### B. Plaintiff has Sufficiently Set Forth Allegations that Santos and Hertzler Knew or Should Have Known that Plaintiff was Innocent of Charges that She Tampered with Evidence and Withheld Such from the District Attorney

As with Plaintiff's First Cause of Action, Plaintiff has alleged that Defendants Santos and Hertzler were apprised yet withheld the exonerating laboratory results[3] which should have all but eviscerated probable cause supporting the indicted charge of ORS 162.325 Tampering with Evidence. TAC ¶¶ 55-56, 62.

A plaintiff may prove deliberate fabrication with circumstantial or direct evidence. *Costanich v. Dep't of Soc. & Health Servs*., 627 F.3d 1101, 1111 (9th Cir. 2010). To prove a deliberate fabrication claim with circumstantial evidence, a plaintiff must show that either: "(1) [d]efendants continued their investigation of [the plaintiff] despite the fact that they knew or should have known that he was innocent; or (2) defendants used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information." *Devereaux*, 263 F.3d at 1076. Given the above standard, Plaintiff has more than sufficiently set forth allegations that despite knowing that the laboratory results effectively exonerated Plaintiff from responsibility for a Tampering with Evidence charge as otherwise based upon the theory that Plaintiff attempted to wash away evidence connecting her husband to a crime, Santos and Hertzler disregarded this exculpatory evidence and withheld such information from their arrest reports. *See*, TAC ¶56(" …there was no evidence that the items

---

[3] Plaintiff has alleged that "on or about May 12, 2021, May 27, 2021 and February 24, 2022, before Karen's indictment was issued, the results from DNA laboratory analysis' conducted to determine whether Karen had tampered with evidence came back negative which was a result that wholly negated any determination of the existence of probable cause for tampering with evidence." TAC ¶55

containing the DNA had been tampered with either through the application of soap, solvent, or bleach which was a hypothesis that the *Defendants Hertzler, Santos, and Samora had otherwise relied upon* in premising probable cause to support the criminal charges of tampering with evidence and hindering prosecution.")[4]; TAC ¶57 ("such negative result [pertaining to the testing of the pants] was significant enough to eviscerate any finding or inference of probable cause such that it reasonable warranted the PPB to cease pursuing the tampering and hindering charges against Karen."); TAC ¶¶102, 103.

While the Magistrate relies upon *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) and *O'Doan v. Sanford*, 991 F.3d 1027, 1045 (9th Cir. 2021) for the broad proposition that a "mere omission" is insufficient to support a deliberate fabrication claim, the Magistrate's reliance upon such precedent is inapplicable to the facts and circumstances at bar. In *Devereaux,* plaintiff simply alleged that defendant undertook an undisclosed interview with plaintiff that was subsequently withheld without alleging that on account of that interview, defendant 'knew or should have known' that plaintiff was innocent. Devereaux, 263 F.3d at 1079. In *O'Doan*, the court held that mere omission of a plaintiff's seizure from a police report could not support a Deliberate Fabrication claim where the information gleaned from the seizure did not inform the arresting officers that plaintiff was or could have been innocent of the criminal charges that informed the basis of the seizure. *O'Doan* 991 F.3d 1027, 1045,

Here, Plaintiff has set forth allegations that the negative laboratory report struck at the heart, i.e., reasonably undermined defendants' Santos, Hertzler, and Samora's theory that they

[4] In alleging that Santos, Hertzler and Samora relied upon the theory that Plaintiff had attempted to wash out DNA from her husband's jeans as grounds for probable cause to support a Tampering with Evidence charge, Plaintiff's allegation that the laboratory evidence failed to support that premise sufficiently supports a reasonable inference that Defendants' Santos, Hertzler and Samora 'knew or should have known' that Plaintiff was innocent of an evidence tampering such that withholding the exonerating results from police reports cannot be construed as a "mere omission" under *Devereaux* and *O'Doan*, but rather as an actionable deliberate fabrication sufficient for supporting a claim under the Fourteenth Amendment.

otherwise relied upon for supporting probable cause of Plaintiff's Tampering with Evidence charge. Nevertheless, Defendants Santos, Hertzler and Samora persisted in pursuing the Tampering charge by "withholding this exculpatory evidence," TAC ¶96, "intentionally disregard[ed] [this] exculpatory evidence, testimony and laboratory reports,… [by] providing false and misleading evidence and testimony to the prosecuting attorney, TAC ¶102. Santos, Hertzler, and Samora persisted by "generating and submitting false police reports and other documents attesting to the existence of probable cause which were relied upon by the prosecuting attorney to both obtain an indictment and prosecute otherwise unwarranted claims which Defendants knew were patently false." TAC¶103.

When both reading the TAC as a whole and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has sufficiently placed Santos, Hertzler and Samora on notice that by deliberately fabricating, i.e., omitting/withholding reference to the exonerating laboratory results from the District Attorney, that said conduct sufficiently elicits liability under Ninth Circuit precedent such that a Fourteenth Amendment Deliberate Fabrication cause of action most reasonably lies. *See, Devereaux*, 263 F.3d at 1076; *Braden*, 588 F.3d at 594 ("the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible.")

**CONCLUSION**

On account of the foregoing analysis, Plaintiff Karen Chirre respectfully requests that this Court reject the Magistrate's Findings and Recommendations that Plaintiff's First and Second Causes of Action be dismissed without prejudice against Defendants' Santos, Hertzler, and Samora. In the alternative, Plaintiff respectfully requests that the Court reaffirms the Magistrate's dismissal without prejudice. As for the balance of Plaintiff's Causes of Actions and named

Defendants, Plaintiff respectfully reserves the right to file an Amended Complaint with respect to those Causes of Action that the Magistrate dismissed without prejudice.

Dated: June 22, 2026

Respectfully submitted,

By: /s/ Ernest Warren

Ernest Warren (OSB 891384)
WARREN and SUGARMAN
838 SW 1st Ave Suite 200,
Portland, OR 97204
(503) 228-6655
e.warren@ernestwarrenlaw.com

By: /s/ Robert R. Parker, Jr.

Robert R. Parker, Jr. (OSB 216437)
LAW OFFICE OF ROBERT R. PARKER, JR.,
838 SW 1st Ave Suite 400
Portland, OR 97204
Telephone: 213-798-8095
robertparker777@yahoo.com

**CERTIFICATE OF SERVICE**

I certify that I served a copy of the foregoing Plaintiff's Objections to Magistrates Findings & Recommendations on all opposing counsel in this matter by electronic mail at the email addresses noted of record in this matter on this the 22nd day of June 2026.

By**: /s/ Robert R. Parker, Jr**.
Robert R. Parker, Jr.
(OSB 216437)